**FIDELITY & DEPOSIT COMPANY OF MARYLAND**

v.

**Rebekah BIZETTE, et al.**

**No. CIV.A. 04–720–JJB–CN.**

United States District Court, M.D. Louisiana.

Nov. 10, 2005.

Eugene R. Preaus, Edward C. Gleason, Mayra Leyva Scheuermann, Preaus Roddy & Associates, New Orleans, LA, for Plaintiff.

John S. McLindon, Rainer, Anding & McLindon, Baton Rouge, LA, Michael Matthew Distefano, Distefano & Distefano, Plaquemine, LA, for Defendants.

## *RULING ON MOTION FOR SUMMARY JUDGMENT*

BRADY, District Judge.

This matter is before the court on a motion for summary judgment (doc. 11) filed by Plaintiff Fidelity & Deposit Company of Maryland ("Fidelity"). Defendant Brian Bizette has filed an opposition; Rebekah Bizette has failed to file an opposition. Plaintiff has filed a reply brief. There is no need for oral argument. Subject matter jurisdiction is based upon diversity, 28 U.S.C. § 1332.

Fidelity brought this action against Rebekah and Brian Bizette to recover the full amount of the loss paid by Fidelity to Citizens Bank & Trust Company ("Citizens"). Fidelity seeks to hold Rebekah Bizette and her husband, Brian Bizette, liable *in solido* for the loss it incurred as a result of Rebekah Bizette's fraudulent conduct.

In support of its motion, Fidelity has established the following facts. Between 1999 and 2003, Rebekah Bizette was employed by Citizens Bank. During the time of her employment, Rebekah Bizette deposited insurance company checks payable to Citizens totaling $249,557.78 into the Bizettes' joint checking account. At all pertinent times, Fidelity had issued and there was in full force and effect a Financial Institution and Bond Policy in favor of Citizens bearing Policy Number 0001599. Citizens submitted a Proof of Loss to Fidelity dated June 10, 2004. Fidelity reimbursed Citizens in the amount of $249,557.78 for the loss caused by Rebekah Bizette pursuant to the terms of the Bond. As a result of the payment by Fidelity, Citizens executed a Release and Assignment on July 26, 2004. During the time of

her employment at Citizens, Rebekah Bizette was married to Brian Bizette, and they resided together in Louisiana.

As to the claim against Rebekah Bizette, there is no genuine issue of material fact. The court holds that Fidelity is entitled to summary judgment on its claim against Rebekah Bizette.

As to the claim against Brian Bizette, Fidelity has submitted evidence that $249.557.78 was deposited into the joint account held by Rebekah and Brian Bizette. Fidelity contends that Brian Bizette is liable because he lacks evidence to rebut the presumption created by Article 2360 of the Louisiana Civil Code that "all obligations incurred by a spouse during the existence of the community property regime" are community obligations.[1] Fidelity has submitted statements of the joint account evidencing transactions made on the joint account.[2] Between December of 1999 and December of 2003, numerous checks were written on the joint account to payees such as Wal Mart, Bayou Pro Shop, City Café, Chevron, Old Navy, Winn–Dixie, Walgreens, Sam's Club, Conoco, Albertsons, Bayside Tackle, Payless Shoe Source, Gap, Lowe's, Academy Sports, Spillway Sportsmen, Malone Outfitters, JC Penney, Dillard's, Ruth's Chris Steakhouse, Addis Ace Hardware, Autozone, Boats Unlimited, Bowie Outfitters, Target, Sears, and Home Depot.[3] These transactions are offered as support for Fidelity's claim that the money was used to benefit the community, and is therefore a community obligation.

In opposition, Brian Bizette denies that he is liable to Fidelity for the sums paid to Citizens under the bond. He claims that he had no knowledge of, nor reason to know of his wife's actions. Furthermore, he submits that he did not obtain any benefit from the actions of his wife.

The Civil Code defines a community obligation as "[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse."[4] In this case, the obligation was incurred during the existence of Rebekah and Brian Bizette's marriage. During the time of their marriage, Rebekah and Brian Bizette lived in Louisiana. In the absence of a matrimonial agreement derogating from the legal regime, married persons living in Louisiana are subject to the State's legal regime.[5] Since no evidence of a matrimonial agreement has been introduced, the marriage is governed by Louisiana's legal regime of community of acquets and gains. Under the legal regime, "all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations."[6] Because the embezzlement occurred during Rebekah and Brian Bizette's marriage in the State of Louisiana, the obligation owed to Fidelity is presumed to be a community obligation.

The court is cognizant of cases granting motions for summary judgment under similar circumstances.[7] However, Brian

1. (West 2005).

2. See Exhibit 1, Tab A, Tab 1

3. Id.

4. La. Civ.Code Art. 2360.

5. See La. Civ.Code Art. 2329 (West 2005).

6. La. Civ.Code Art. 2361 (West 2005).

7. See Fidelity & Deposit Co. Of Maryland v. Gaspard, 1997 WL 335598 (E.D.La.) reconsideration denied 1997 WL 466899 (E.D.La.) (granted motion for summary judgment finding that embezzlement proceeds deposited into a husband and wife's joint account benefited the community, despite husband's oppo-

Bizette's opposition to the motion for summary judgment avers that he did not receive any benefit from the proceeds and that he had no reason to know of the embezzlement. After careful consideration, the court finds it prudent to allow Brian Bizette an opportunity to submit an affidavit and/or such other evidence establishing **specific facts** to support his opposition.

Accordingly, the motion by Fidelity for summary judgment (doc. 11) is hereby GRANTED in part as to the claims against Rebekah Bizette and DEFERRED in part to allow Brian Bizette to submit evidence supporting his opposition. If Mr. Bizette fails to provide any such evidence on or before November 29, 2005, summary judgment will be granted on the claims made against him as well.

sition denying having realized any economic benefit).